on behalf of Mr. Aaron Sharpe. I know Your Honors are familiar with the briefs that have been submitted in this case. We have read them and so have added. Thank you very much. First, let me say it's a pleasure to be here. Thank you. Pleasure to have you. As you're aware, there's three issues that have been presented in this appeal, and I felt as if in looking back over the briefs that the first two issues had been fairly well briefed in this particular matter, but I thought that some discussion needed to be brought up regarding the third issue of this particular case is whether or not the district court erred by enhancing Mr. Sharpe's sentence under the Armed Career Criminal Act. As the Court's aware, Mr. Sharpe was found guilty of three counts in the U.S. district court when it came time for sentencing. A pre-sentence report was prepared, and at that point in time, the pre-sentence report writer indicated that Mr. Sharpe had three prior felony convictions. It was alleged that he had a burglary conviction. It was also alleged that he had a robbery in the first conviction as well as an assault in the third. Now, when that case came before the judge for sentencing, neither my client and I didn't represent him at the time, he was represented by a prior counsel, Mr. William Bryson, no objection was made to any of the pre-sentence report, and my client didn't make any objections regarding the underlying felony offenses. But as a result of this, he was sentenced to an additional 15 years under the ACCA. It's our position that there was error in this particular case when that happened. And there would have to be plain error, I take it? Yes, sir. It certainly would. And there's certainly a three-prong test for the plain error. And I set forth that in the brief, and we believe that that's been satisfying. I believe it was incumbent upon the judge at that point in time that even though there were the three underlying felonies that had been alleged in the pre-sentence report, clearly the case law says you can't rely on the information solely within the pre-sentence report, that it must be verified. And at the time when this happened, or at the time the briefs went in, the case of Shepard v. United States was pending before the Supreme Court. Since that time, that case has now been decided. And the issue in Shepard was whether or not they can use police reports to prove of a burglary case. And the answer came back from the courts that said, no, you can't. But unlike Mr. A, in looking at Mr. Sharpe's case, there was absolutely no information that was before the court. The information that was there was solely that had been provided by the pre-sentence report writer. And Mr. Sharpe, yes, ma'am. As I understand it, the government concedes that there was error, but takes the position that your client was not prejudiced thereby. Yes, ma'am. What's your response to that? Well, I believe certainly that Mr. Sharpe was prejudiced. Mr. Sharpe was sentenced to an additional 15 years because of the error that took place by the government. And looking at Ameline 2, the government has the burden of proof to prove up these facts to enhance a sentence, and that wasn't done. The government may or may not have been able to prove up the prior convictions. And looking at the burglary, the Alaska statute of burglary is very broad. It's broader than the generic burglary definition that's set forth. And the Federal definitions regarding the burglary. And this case would have been a modified categorical approach. And that didn't happen either. And it was incumbent upon the judge, at least in our opinion, to go through the analysis that would take you to find whether or not he was subject to an enhanced sentence under the CCA. Yes, sir. Do we just not know whether a modified categorical approach would qualify in these priors? We don't know. We don't know. Because the number of burglaries that were listed, some might have counted, some might not have. But we don't know. We've got about six prior burglaries. I mean, this guy has a pretty extensive record. You know, he came up as a criminal history category 6, and there's no denying that he has a significant record. So I guess the question, I think, to follow up on Judge Canby, for plain error review, you know, where's the real harm here? If you can't represent because you don't know that he has a legitimate basis to attack any of these prior predicates, and, of course, the government didn't do its job and give the probation officer or the court adequate evidence that would conclusively answer the question, is it enough for you to simply say because we have to presume that there's prejudice here? I think we do have to presume there's prejudice, because certainly the government has the burden of proof to prove up these convictions as to whether or not they'd be able to find certified copies of judgments. I don't know. I don't know the facts. No indictments were presented. There was no synopsis of the plea that took place in any of these cases. So we don't know what happened. We don't know if, in fact, these burglaries fit the definition looking at the modified categorical approach. Clearly, the generic approach would not work in this case because of the broadness of the Alaska statute regarding buildings and that type of thing. Counsel. Yes, ma'am. What case are you relying upon for your assertion that prejudice is presumed? If you could just have one moment. Well, I think the Penitential Flores case does somewhat justice to that. Penitential Flores. Mm-hmm. That here we have this type of error. Clearly, this error is a plain type of error of the town. No, but what language in that case embodies a presumption of prejudice? I don't think there's specific language. I don't think there's specific language that embodies a presumption of evidence. I think it has to be looked at and applied to the facts of this particular case. There's no question, as you say, that 15 years is prejudice. But the question we have is whether this is vacated and remanded and the resentencing occurs and it all is proven out. Right. And that's a very good question. Certainly, the government brings that up under appeal. It's like, what happens if we remand this case and we send it back to the U.S. And that's a very good question. But I think the answer is, is we don't know that. And I think Mr. Sharpe deserves the benefit of the doubt on that. I think the government has. But the plain error standard, I mean, what I hear you saying is there's absolutely no obligation whatsoever at the appellate level on Mr. Sharpe to show us that his substantial rights were prejudiced by what happened. We have no objection by Mr. Bryson clearly why the plain error doctrine is the only hook you've got to send it back. But is the law such that there is no obligation whatsoever on the appellant at this stage to show us that he might have been prejudiced by what happened? I think at this stage of the proceedings, and certainly this comes to this Court on the record that was made in the district court, and you're right, there was no objection by Mr. Bryson or by my client or by himself. But either way, I think that, in fact, if you go back and look at the beginning of the case, there was a stipulation at the beginning of trial where he stipulated too that he'd been convicted of an underlying felony offense. Okay. And would that be enough in and of itself to say, well, you stipulated the underlying felony? But I think the answer to that is no. Well, I assume that was done tactically because he didn't want the jury to hear that he was. I would suspect that's correct. And that certainly went to the first two charges, the felon in possession and the possession of a firearm. But having done that and then coupled with no objection at the time of sentencing to the PSR, why can't we presume from those two facts alone that Mr. Sharp didn't have any grounds to challenge the, I guess it would be the bona fides of the prior convictions, and the Court could properly rely in the absence of any objection? Because I think that the case law of the Ninth Circuit is clear that the judge has an obligation and a duty to go forth with the analysis, even though there may be no objection to find out whether or not this defendant should be sentenced under the ACCA. And in this particular case, it was not done by the sentencing judge. All right. Do you want to save some time for the gentleman? Thank you very much. Thank you. Ms. Farrington? Good morning, Your Honors. My name is Joanne Farrington. I represent the government in this case. The defendant in this case raises two challenges to his conviction and two challenges to his sentence. Unless the Court has some questions about the two conviction challenges, I'll move right on to the same issue that he addressed primarily today, which was the case law. As I understand your brief, you've essentially conceded that we should remand in light of the existing Ninth Circuit authority? No. I don't concede that you should remand. I concede that there was error. I see. Okay. But it was not substantially prejudicial under the plain error rule. I believe that neither of the third nor the fourth prong of the plain error rule are met in this case. I do concede, however, that there was error and that in light of the circuit precedent at the time, that it was plain. Well, wait. Isn't that, you know, you can sit down now, Ms. Farrington, because if there was plain error, then we're done, aren't we? If there was ever a misleading nomer for a rule of law, it's plain error, I believe, which is only the first two prongs of the rule. We then move on to the third and fourth. The third prong is whether there was a reasonable possibility, and I'm quoting from Domingos Benitez here, that but for the error claim, the result of the proceeding would have been different. And the burden is on the defendant in a plain error analysis to demonstrate that fact, that there would have been some difference in his sentence had the error not occurred. How would he do that in this case when there was nothing in the record? Well, I believe, Your Honor, that we can take guidance from the case cited again by the defendant, United States v. Pimentel Flores, which also found, dealt with exactly the same situation, but was troubled by the third prong of the plain error rule. And in that case, they said it was a close case in that case, but on appeal, the defendant had to make a proffer that at least one of his underlying felonies might not have been a felony that could count, again, as for the armed career. Did he do that? Was that done at the district court level or at the appellate level? I believe that was a proffer made at the appellate level, Your Honor. How do you do that? I'm asking. What did he introduce? It's not entirely clear from the opinion. The opinion describes it as a proffer. And I would assume that the defendant described his offense and the, as a matter of law, comparing that to the Taylor definition of burglary, there was some question as to whether or not it actually met the generic definition. His burglary, for instance, was that he broke into a car or something like that. That's correct. Then he doesn't qualify. Or a boxcar. That's one of my favorites. I guess there are burglaries of boxcars. Or a boat. A boat is another possibility. In this case, the defendant suggests that there was no evidence for the district court to rely on in concluding that the defendant had committed the prior felonies. In fact, there's an extensive description of each of his offenses in the PSR. That is evidence. It is not, I concede, adequate evidence under the Court's precedence. But there was evidence. And we today can read the description of those offenses. Well, presumably, I'm looking at the ER-29, which is the PSR paragraph 77. Presumably, that paragraph that summarizes what looks to be about a half a dozen burglaries is a summary of the police reports that the probation officer obtained from some source telling the district court what the basis for the underlying  And the sources of information that the PSR states that it relies on are the Alaska Public Safety Information Network and the NCIC. And my understanding of those systems is that they do accumulate information from police reports and charging information in the courts. But, I mean, just reading the summaries of, for example, December 21, 1990, at Palmer, the defendant unlawfully entered a residence and stole jewelry, a VCR video camera, a scanner, household items, and clothing, it'd take a stretch to say that that's not a predicate burglary for ACCA purposes. And I believe that there were four of those in that one incident from which he was convicted. I mean, that is the traditional common law breaking and entering. So notwithstanding that the Alaska statute might be broader, what it seems to be Well, I guess the question I asked Your Wells was, doesn't the defendant have to show something in order to take advantage of the plain error rule that would cause us to question whether any of those convictions might not be appropriate predicates? I believe that's true. Otherwise, the third prong plain error rule means nothing in this context. It is, as he says, presumed prejudice. And that, as I think Pimentel-Flores makes clear, simply isn't the law in this situation. There would be no point to a remand in this case. The same sentence would be reimposed, and I suggest that that sort of pointless exercise is something that the plain error rule is designed to help avoid. Of course, I would also suggest that the fourth prong of the plain error rule, the suggestion that this rule is so fundamental that the fairness of the proceeding would be cast in doubt, where the upheld is not met here either. Well, the Supreme Court has certainly used language to suggest that plain error is a creature of rare existence. And I'm not sure that the Ninth Circuit would necessarily agree, but that's what the Supreme Court has said. We try always to look to the Supreme Court for guidance. Briefly, also, Your Honors, unless you have other questions about the plain error issue, I would like to talk or at least mention the defendant's effort to raise Booker belatedly here. After he filed his brief in this case, and well after Blakely and the first Hamline decision were decided, the defendant filed a 28-J letter with his court suggesting that there might be Booker error. I believe that that is not the case in this particular prosecution because the defendant's sentence was driven entirely by mandatory minimum sentences. He was received a 15-year sentence as a result of his sentencing under the Armed Career Criminal Act and an additional 5 years for his possession of a weapon in the course of a drug-trafficking offense. Neither of those. Well, he might be suggesting that Irvin Daris Torres doesn't survive Booker, but he might. Booker didn't report to him. That is a possible reading between the lines, but this Court, of course, does not have the authority to conclude that. The Supreme Court has declined on numerous occasions to reconsider that case. However, one might question its continued vitality. And in fact, the string of cases from Apprendi on, discussing the issue of, has consistently concluded that recidivism issues are outside the scope of prior convictions. Which is what this case is driven by. If there are no additional questions, I will close the briefing. Thank you. Mr. Wells, you get the last word. I think it's important, again, to point out that the Ninth Circuit has held that it is impermissible for trial courts to solely rely upon a pre-sentence report. And I slide into the United States v. Franklin, as well as Corona-Sanchez, U.S. v. Corona-Sanchez. Here we have the court's ruling. Were there objections in those cases to the district court's reliance on the PSR? I believe there were, yes. There were objections. I think it's important, though, to remember, and I think Your Honor categorized it a moment ago, the pre-sentence report writer says, and I think you have to ask yourself, well, did the pre-sentence report writer get it right or did they get it wrong? Is it more wrong than right or right than wrong? We don't know. And it's a guess. Did they look at police reports? I suspect that they probably did in this particular case, because normally the absent NCIC that was referred to by my colleague generally doesn't have a synopsis of the offenses that take place. You glean those from the charging documents or you glean those from the police reports. And clearly, that's impermissible now. It can't be done. And I think that's what happened here. In this particular case, with regard to Mr. Sharp for the underlying felonies count for ACCA, I don't know. And I don't think we can say that they do or don't, because we don't even know for sure which burglary convictions he's pled to or to which facts, or if the probation officer even has it right. So I think it's just the case. As opposing counsel pointed out, it's the appellant's burden to show that there would be prejudice. And you've asked us to presume that, but there's been no showing of a reasonable probability of prejudice. Well, I think the prejudice comes from the fact that this case wasn't handled appropriately by the trial court judge. But that would be true in every case where it was missed. So that doesn't help us in terms of what the showing is that's required. I can only work with the facts that I have before me in this particular case. I submit the case at this time. Thank you very much. Thank you very much. The case just argued is submitted. The next case on the calendar, Miller or, excuse me, I guess it would be Snavery v.
judges: Canby, Tallman, Rawlinson